UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
RAFAEL COREAS,

                                                   Plaintiff,              16-cv-06219 (CLP)

    -against-

ARBER ALBAN CORP. d/b/a
LA RONDINE PIZZA, A. KOKA
and JACK "DOE"
(LAST NAME UNKNOWN),

                                                   Defendants.
-------------------------------------------------------------------X

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release of All Claims (hereinafter "Agreement") is made and entered into by and between Rafael Coreas, on behalf of himself, his agents, assigns, attorneys, heirs, successors, executors and administrators (hereinafter referred to collectively as "Plaintiff"), and Arber Alban Corp. d/b/a La Rondine Pizza, Ajrush Koka and Liridon A. Koka as individuals, its parent(s), subsidiaries, divisions, affiliates and other related entities, and all of its and their incumbent and former officers, directors, owners, shareholders, investors, agents, attorneys, employees, fiduciaries, successors, assigns and representatives, in their individual and/or representative capacities, and for the benefit of individual Defendants Ajrush Koka and Liridon A. Koka, assigns, attorneys, heirs, successors, executors and administrators (hereinafter referred to collectively as the "Defendants").

**WHEREAS**, Plaintiff filed, in the United States District Court for the Eastern District of New York, a complaint under the docket 16-cv-06219 (CLP), in an action asserting violations of the Fair Labor Standards Act and New York Labor Law (hereinafter, the "Complaint"); and

WHEREAS, Plaintiff and the Defendants desire to fully and finally resolve and settle in full all claims that that parties had, has, or may have against any of the other parties, including all claims and issues that were or could have been raised in the Complaint relating to the respective alleged employments of the Plaintiff by the Defendants;

NOW, THEREFORE, Plaintiff and the Defendants, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, agree as follows:

1. **No Admission of Liability**: By entering into this Agreement, the parties do not in any way admit liability or wrongdoing toward each other or anyone else, either implicitly or explicitly. Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability by the parties under any law, ordinance, rule, regulation or order with respect to any claim that any other person has asserted, could have asserted or may assert in connection with Plaintiff's employment with the Defendants. The Defendants have consistently denied, and continue to deny, each and every allegation of wrongdoing made by the Plaintiff, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

2. **Consideration**: In consideration for Plaintiff entering into this Agreement and in full and complete satisfaction of all of her actual and potential claims against the Defendants, the Defendants shall pay the total amount of Twenty Thousand Dollars and Zero Cents ($20,00.00) by nine (9) monthly payments according to the schedule below. **All checks shall be made out as follows: "Hang and Associates PLLC, as attorneys."** Plaintiff agrees and affirms that this payment shall constitute the entire amount of monetary consideration provided to him and his legal counsel under this Agreement and that neither he nor his legal

2

counsel will seek any further compensation for any other claimed damages, costs, disbursements, or attorneys' fees in connection with any of the matters encompassed in this Agreement or any aspect of Plaintiff's relationship with the Defendants. Plaintiff agrees and promises to pay all taxes which may be due in the event a governmental taxing authority determines that any such taxes are due. Plaintiff further agrees to hold the Defendants harmless from all liabilities for failing to withhold the foregoing tax items from the payments to her and to pay the Defendants costs and expenses, without limitation, attorneys' fees, incurred if such a claim is made.

3. **Payment Schedule:** The payment schedule is as follows:

i. **First Payment.** Thirty (30) days after Court approval of the settlement agreement, Defendants shall submit a check to Plaintiff's counsel in the amount of $5,000.00 made out to "Hang and Associates, PLLC, as attorneys."
b.
i. **Remainder Payments:** Each month, for the next eight (8) months, a check made payable to Hang and Associates, PLLC, as attorneys in the gross amount of one thousand eight hundred seventy-five dollars and zero cents ($1,875.00). All payments will be due thirty (30) days after the most recent payment.

4. **Additional Payment in Event of Default**: If Defendants fail to make timely payment as provided in this paragraph 3, counsel for Plaintiff shall notify Defendants by mailing by certified mail to 120-38 Queens Blvd, Kew Gardens, NY 11415 with a copy of such letter sent to counsel for Defendants (notice to counsel deemed completed upon sending to Jacob Aronauer, Esq. via e-mail at jaronauer@aronauerlaw.com after which date Defendants shall have ten (10) calendar days to cure the default). In the event that Defendants fail to cure any default within ten (10) calendar days of their receipt of the notice as set forth in this Paragraph, or if any check tendered by Defendants is not negotiable for any reason and after notice of same is not cured within ten (10) calendar days of receipt of such default in accordance with the terms of this Paragraph, then Plaintiff shall be entitled to enter a judgment by Affidavit of Confession of Judgment, annexed hereto as Exhibit B, or otherwise, without further notice against and Arber

Alban Corp. and Ajrush Koka in the United States District Court, Eastern District of New York, for thirty thousand dollars and zero cents ($30,000.00) less any partial payment(s) made and shall have immediate execution therefor.

5. **Settlement Agreement**: The parties shall jointly submit this Agreement to the Court for approval and request that the Action against Defendants be dismissed with prejudice. Upon default, either party may restore this action to enforce the terms of this Settlement Agreement.

6. **Release of All Claims**:

a. In consideration for the payments provided for in this Agreement, Plaintiff hereby irrevocably and unconditionally waives, releases and forever discharges the Defendants and all of their related and/or affiliated companies, partners, and constituent agencies, their employees, agents, shareholders, attorneys, officers, directors, trustees, insurers, predecessors, successors, assigns, divisions, affiliates, parents, subsidiaries, and fiduciaries and administrators, arising out of or related to those matters that are the subject of the above-referenced lawsuit, *i.e.*, The Fair Labor Standards Act and the New York Labor Law, and in particular any claim for unpaid wages, minimum wages, overtime compensation, spread of hours premiums, liquidated damages, statutory penalties, and other related penalties, as well as all associated attorneys' fees and costs.

b. In consideration of the promises herein, the Defendants, individually and collectively together with, but not limited to, their dependents, descendants, heirs, spouses, estates, respective owners, affiliates, subsidiaries, parent corporations, spouses, estates, descendants, heirs, successors, assigns, agents, insurers, reinsurers, and present and former officers, directors, shareholders, partners, employees and attorneys hereby completely, unconditionally and forever releases, acquits and discharges the Plaintiff and successors, agents

4

and assigns, from any and all claims, demands, liabilities, damages, losses, indebtedness, costs, attorneys' fees, actions and causes of action, suits, proceedings, controversies, agreements and/or obligations of any nature whatsoever, known or unknown, arising out of, or related to, any occurrence or non-occurrence, happening or not happening, prior to the date hereof, that the Defendants may have held, or now hold, against the Plaintiff from the beginning of the World through the date of this Agreement, which the Defendants may have had, may now have.

    c. In the event that Plaintiff files a subsequent claim for unpaid wages stemming from his employment with Defendants, Defendants will be entitled to pursue legal fees against Plaintiff.

    d. Coreas acknowledges that as of the date of signing this agreement is not aware of any claims of discrimination under Title VII, the New York City Human Rights Law or the New York State Division of Human Rights against Defendants.

    7. **No Re-Employment**: Plaintiff agrees and promises not to seek employment with the Defendants, or any of their parent(s), subsidiaries, divisions, affiliates or other related entities at any time. Plaintiff further agrees and acknowledges that this Agreement shall constitute good and sufficient cause on which the Defendants may reject any application for employment by Plaintiff or on their behalf and that such rejection would not constitute a violation of any law.

    8. **Applicable Law**: This Agreement and any other documents referred to herein shall be governed by, construed, and enforced in accordance with the laws of the State of New York without regard to conflicts of laws principles. The Parties consent to the jurisdiction of the Court for any application or action to enforce the terms of this Agreement and that venue shall be the sole forum for such disputes; provided, however, that if the Court does not have subject

5

matter jurisdiction, the Agreement may be enforced in any court of competent jurisdiction in New York. The Parties agree that any breach of this Agreement shall entitle any Party to bring a claim for damages; further, the prevailing Party shall be entitled to recover reasonable attorneys' fees and costs as part of any such action.

9. **Jurisdiction**: By entering into this Agreement, the parties hereby submit to the jurisdiction of Judge Cheryl Pollak in the Eastern District of New York to resolve any dispute hereunder.

10. **Enforceability**: If any provision of this Agreement is held by a court of competent jurisdiction to be illegal or unenforceable, such provision shall be severed from this Agreement and have no force and effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the enforceability of, any other provision of this Agreement.

11. **Non-Active Disclosure**: Plaintiff's counsel will not promote this settlement agreement on his website or other forms of social media. Plaintiff is permitted to discuss this settlement agreement with individuals but will not initiate discussion of this settlement agreement. In addition, Plaintiff will not discuss the terms of this settlement agreement on social media.

12. **Interpretation of Agreement**: The parties agree that any person or entity interpreting or construing this Agreement shall not apply a presumption that any of its provisions should be more strictly construed against the party who prepared the Agreement as all parties have fully participated in the preparation of all provisions of this Agreement.

13. **Headings**: The headings in this Agreement are for the convenience of the parties and are not intended to modify the terms of the Agreement.

6

14. **Voluntary Agreement**: The parties agree and affirm that:

    a.    They have carefully read and fully understand all of the provisions of this Agreement;

    b.    They were advised and hereby are advised to consider carefully the terms of this Agreement and consult with an attorney prior to executing this Agreement;

    c.    They have been given a reasonable time to consider their rights and obligations under this Agreement and to consult with an attorney before executing it;

    d.    They have consulted with their attorney of choice before executing this Agreement;

    e.    This Agreement is legally binding, and by signing it, they understand that they are giving up certain rights, including their right to pursue the claims raised in the Complaint.

    f.    No promise or representation of any kind or character has been made by any of the Defendants or by anyone acting on their behalf to induce this Agreement, and that they have not been forced or pressured in any way to sign this Agreement;

    g.    They knowingly and voluntarily agree to all of the terms set forth in this Agreement, and intend to be legally bound by them.

15. **Complete Agreement**: This Agreement sets forth the entire agreement between the parties, and fully supersedes any and all prior or contemporaneous agreements or understandings between them. This Agreement may not be altered, amended, modified, superseded, canceled or terminated except by an express written agreement duly executed by all the parties, or their attorneys on their behalf, which makes specific reference to this Agreement.

16. **Counterparts**: This Agreement may be executed in several counterparts, each of which shall serve as an original as against any party who signed it, and all of which taken together shall constitute one and the same document. A copy of a party's signature on this Agreement shall be acceptable in any action against that party to enforce this Agreement.

**WHEREFORE**, the undersigned subscribe to this Agreement, as it applies to each, as of the date(s) set forth below opposite their respective signatures.

Dated: 02/7/18

_R/A Coreas_
RAFAEL COREAS

STATE OF NEW YORK )
                              ) ss.:
COUNTY OF _____

On this 7th day of February, 2018, before me, the undersigned, appeared Rafael Coreas personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and he executed the above agreement by free act and deed, and thereby subscribed to it.

_____
Notary Public

WILLIAM M BROWN
NOTARY PUBLIC-STATE OF NEW YORK
NO. 02BR6336855
QUALIFIED IN NASSAU COUNTY
MY COMMISSION EXPIRES 02-08-20[??]

Dated: 2/7/18

AJRUSH KOKA

STATE OF NEW YORK )
                              ) ss.:
COUNTY OF _____

On this ___ day of _____, 2018, before me, the undersigned, appeared Ajrush Koka personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and she executed the above agreement by free act and deed, and thereby subscribed to it.

_____
Notary Public

8

16. **Counterparts**: This Agreement may be executed in several counterparts, each of which shall serve as an original as against any party who signed it, and all of which taken together shall constitute one and the same document. A copy of a party's signature on this Agreement shall be acceptable in any action against that party to enforce this Agreement.

**WHEREFORE,** the undersigned subscribe to this Agreement, as it applies to each, as of the date(s) set forth below opposite their respective signatures.

Dated: _____

_____
RAFAEL COREAS

STATE OF NEW YORK )
 ) ss.:
COUNTY OF Queens )

On this ___ day of _____, 2018, before me, the undersigned, appeared Rafael Coreas personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and he executed the above agreement by free act and deed, and thereby subscribed to it.

_____
Notary Public

Dated: 3-7-18

_____
AJRUSH KOKA

STATE OF NEW YORK )
 ) ss.:
COUNTY OF Queens )

On this 7th day of March, 2018, before me, the undersigned, appeared Ajrush Koka personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and she executed the above agreement by free act and deed, and thereby subscribed to it.

_____
Notary Public

RICHARD BRUCE ROSENTHAL
NOTARY PUBLIC, State of New York
No. 02-4700883
Qualified in Queens County
Commission Expires Jan 31, 2022

8

Dated: 3-7-18

_____
LIRIDON A. KOKA

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF Queens     )

On this 7*th* day of April, 2018, before me, the undersigned, appeared Liridon A. Koka personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and he executed the above agreement by free act and deed, and thereby subscribed to it.

_____
Notary Public

RICHARD BRUCE ROSENTHAL
NOTARY PUBLIC, State of New York
No. 02-4700883
Qualified in Queens County
Commission Expires Jan 31, 2022

Dated: 3-7-18

_____
ARBER ALABAN CORP.
BY: _____
TITLE: President

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF Queens     )

On this 7*th* day of April, 2018, before me, the undersigned, appeared Ajrush Koka personally known to me or proved to me on the basis of satisfactory evidence to be that individual and had authority to sign on behalf of, and executed the above agreement by free act and deed, and thereby subscribed to it.

_____
Notary Public

RICHARD BRUCE ROSENTHAL
NOTARY PUBLIC, State of New York
No. 02-4700883
Qualified in Queens County
Commission Expires Jan 31, 2022

9

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RAFAEL COREAS,

                                                    Plaintiff,          16-cv-06219 (CLP)

    -against-

ARBER ALBAN CORP. d/b/a
LA RONDINE PIZZA, A. KOKA
and JACK "DOE"
(LAST NAME UNKNOWN),

                                                   Defendants.
------------------------------------------------------------------X

       IT IS HEREBY STIPULATED AND AGREED, by and between Rafael Coreas and Arber Alban Corp. and Ajrush Koka and Liridon A. Koka, individually in the above captioned action, through the undersigned counsel, that the action (and all claims and causes of action that were or could have been asserted in it) be withdrawn, discontinued and dismissed, with prejudice, in accordance with Rule 41 of the Federal Rules of Civil Procedure. The court shall retain jurisdiction over this case for purposes of enforcing the parties' settlement.

By: ~~Xian Hang, Esq.~~ *Phillip H. Kim, Esq.*
HANG & ASSOCIATES
136-20 38TH Avenue, Suite 10G
Flushing, NY 11356
*Attorney for Plaintiff*

Dated: 3/9, 2018

By: Jacob Aronauer, Esq.
THE LAW OFFICE OF JACOB ARONAUER
225 Broadway, 3rd Floor
New York, New York 10007
*Attorney for Defendants*

Dated: March 8, 2018

**SO ORDERED.**

Dated: _____, 20__                    _____

## EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
RAFAEL COREAS,

                                                              Plaintiff,                16-cv-06219 (CLP)

    -against-

ARBER ALBAN CORP. d/b/a
LA RONDINE PIZZA, A. KOKA
and JACK "DOE"
(LAST NAME UNKNOWN),

                                                              Defendants.
-----------------------------------------------------------------------X
STATE OF NEW YORK    )
                                ): ss:
COUNTY OF NEW YORK )

AJRUSH KOKA, being duly sworn, deposes and says:

1. I, Ajrush Koka, am the owner of Arber Alban Corp. and have an address at 120-38 Queens Bld, Kew Gardens, NY 11415.

2. I have authority to sign on behalf of Arber Alban Corp. and am duly authorized to make this Affidavit of Confession of Judgment on my own behalf and on behalf of Arber Alban Corp.

3. I, Ajrush Koka individually, hereby confess judgment and authorize entry of judgment against myself and Arber Alban Corp.("collectively Defendants"), jointly and severally, in favor of Plaintiff for the sum of Thirty Thousand and Zero Cents ($30,000.00), less the amount for the payments already made, pursuant to the terms of the Settlement Agreement and General Release (the "Settlement Agreement"), entered into and signed by Plaintiff and Defendants in the above-captioned proceeding, together with statutory costs and pursuant to 28 U.S.C. §§ 1920, 1921, 1923, and 1924; and reasonable attorneys' fees incurred in entering and enforcing the judgment and interest on the judgment as provided in 28 U.S.C. § 1961.

4. This Confession of Judgment is for a debt justly due to Plaintiff pursuant to the Settlement Agreement.

5. The Settlement Agreement arises out of the above-captioned action, which was settled pursuant to a written agreement approved by the United States District Court, Eastern District of New York.

6. I hereby represent my understanding that upon Defendants' breach of the Settlement, Plaintiff shall have the unqualified rights to cause this Confession of Judgment to be docketed and entered in this Court as a judgment against Defendants, jointly and severally, against all property, of any kind, in which I and/or the corporations stated herein, collectively or individually, have any ownership interest.

7. The original of this Affidavit of Confession of Judgment shall remain in the possession of Plaintiff's counsel, Hang and Associates, PLLC, and the original shall be destroyed upon completion of the payment obligations contained in the annexed Agreement and Release. Plaintiff's attorney will send an affirmation to Defendants' attorney stating that Defendants have fully satisfied the conditions of the Stipulation of Settlement, that the Confession of Judgment has been destroyed.

_____
Ajrush Koka

Dated: 3-7-18

Sworn to before me this
7th day of March, 2018

_____
Notary Public

RICHARD BRUCE ROSENTHAL
NOTARY PUBLIC, State of New York
No. 4700683
Qualified in Queens County
Commission Expires Jan 31, 2022

13