UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
RAFAEL COREAS,

                Plaintiff,

    -against-                           **MEMORANDUM AND ORDER**
                                                 16 CV 6219 (CLP)

ARBER ALBAN CORP. *et al.*,

                Defendants.
-----------------------------------------------------------X
**POLLAK**, United States Magistrate Judge:

        On November 8, 2016, plaintiff Rafael Coreas commenced this action against defendants Arber Alban Corp. d/b/a La Rondine Pizza, A. Koka, and Jack Doe (collectively, the "defendants"), seeking unpaid overtime and minimum wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law ("NYLL") § 650 et seq., as well as unpaid spread of hours wages and damages stemming from defendants' unlawful retention of gratuities and alleged failure to comply with the wage notice requirements under the NYLL. The parties settled this matter with the Court's assistance on January 19, 2018, at which time the Court held a fairness hearing regarding the settlement. (See Minute Entry, Jan. 19, 2018, ECF No. 34). On March 9, 2018, the parties filed their motion requesting that the Court approve their settlement agreement. (See generally Mot., Mar. 9, 2018, ECF No. 37). All parties have consented to this Court's exercise of plenary jurisdiction pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (See Consent and Order of Reference, Jan. 24, 2018, ECF No. 35).

        For the reasons set forth below, the Court finds the proposed settlement to be fair and reasonable and therefore grants the motion for settlement approval.

1

DISCUSSION

**A. Legal Standard**

The Second Circuit has explained that the parties must obtain approval from the district court or the Department of Labor before a settlement and stipulation of dismissal relating to a plaintiff's FLSA claims may take effect. See Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015), cert. denied, 136 S. Ct. 824 (2016). That requirement "is consistent with what both the Supreme Court and [the Second Circuit] have long recognized as the FLSA's underlying purpose: 'to extend the frontiers of social progress by insuring to all our able-bodied working men and women a fair day's pay for a fair day's work.'" Id. (quoting A.H. Phillips, Inc. v. Walling, 324 U.S. 490, 493 (1945)).

In considering whether to approve an FLSA settlement, courts consider whether the agreement "reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." Le v. Sita Info. Networking Computing USA, Inc., No. 07 CV 86, 2008 U.S. Dist. LEXIS 46174, at *1-2 (E.D.N.Y. June 12, 2008); accord Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982) (holding that where an FLSA settlement is a reasonable compromise, the settlement should be approved to "promote the policy of encouraging settlement of litigation"). Courts have identified several factors to consider when determining whether a proposed settlement is fair and reasonable, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citations omitted).

**B. Analysis**

In this case, after holding a fairness hearing and reviewing the parties' submission, the Court finds that the settlement reached is a fair and reasonable compromise of the plaintiff's claims, considering the amount received, the issues of potential liability that might have limited recovery, and the fact that the parties engaged in protracted arms' length negotiations between experienced counsel sufficient to gain an understanding of the risks and benefits of proceeding with the litigation. Moreover, having supervised the case and having become familiar with the issues raised, this Court is cognizant of the significant risks plaintiff would face if he were to proceed to trial.

## CONCLUSION

For the reasons set forth above, the Court finds the proposed settlement to be fair and reasonable, and plaintiff's motion to approve the settlement is therefore granted. The parties shall file a stipulation of dismissal for the Court's endorsement within forty-five (45) days.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
April 17, 2018

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York